**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MESCALERO APACHE TRIBE,
PUEBLO OF ISLETA,
PUEBLO OF POJOAQUE,
and PUEBLO OF SANDIA,

Plaintiffs,

v. Case No. 26-cv-01517-MIS-GJF

KALSHI INC., and KALSHIEX LLC,

Defendants

**PLAINTIFFS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs ("Tribes") hereby provide notice of supplemental authority regarding the briefing and the September 23, 2026 hearing on their Motion for Preliminary Injunction, Dkt. No. 23.

1. *Department of Homeland Security v. League of Women Voters*, 609 U.S. ___, 2026 WL 2879700, *3 (Sept. 25, 2026), reaffirms that irreparable harm likely exists where "a lower court has set aside an important federal program." That supports the Tribes' arguments that irreparable harm would be imposed by failure to enforce IGRA's important federal program "to provide a statutory basis for" "Indian tribes [to] have the exclusive right to regulate gaming activity on Indian lands[,]" including to protect "from . . . corrupting influences, [and] to ensure that the Indian tribe is the primary beneficiary of the gaming" there "as a means of generating tribal governmental revenue[.]" 25 U.S.C. §§ 2701(1), (5), 2702(2); *see id.* § 2702(1).

2. *KalshiEX LLC v. Schuler*, ___ F.4th ___, 2026 WL 2884087 (6th Cir. Sept. 25, 2026), holds that the Commodity Exchange Act ("CEA") "neither expressly nor impliedly preempts the States' gambling laws[,]" including that the "'impartial-access regulations do not appear to require a designated contract market like Kalshi to offer any "particular market" for the

event contracts it lists.'" *Id.* at *1, *26 (multiple citations omitted). That supports the Tribes' arguments that those regulations are irrelevant and the CEA does not abrogate tribal sovereignty.

3. Per the Court's request during oral argument for certain legal authority, *Berrey v. Asarco Inc.*, 439 F.3d 636, 643 (10th Cir. 2006), holds that "when a tribe files suit it waives its immunity as to counterclaims of the defendant that sound in recoupment." However, "the requirement that a waiver of tribal sovereign immunity be 'clear' and 'unequivocally expressed' is not a requirement that may be flexibly applied or even disregarded[.]" *Ute Distrib. Corp. v. Ute Indian Tribe*, 149 1260, 1267 (10th Cir. 1998). Also, Defendants have not asserted counterclaims here, nor is it clear what recoupment counterclaims they could assert since (only three of) the Tribes only seek monetary relief via civil law enforcement penalties.

4. For Defendants' argument that sovereign immunity tips equities toward them since it bars recovering costs if they ultimately prevail, that argument did not either support an injunction favoring them in *Schuler* or preclude or avoid injunctions against Defendants in other cases.[*]

---

[*] *See* Opening Br. for Appellant KalshiEX LLC, *KalshiEX LLC v. Schuler*, No. 26-3196, at 64 (6th Cir. May 5, 2026); Appellant's Opening Br., *KalshiEX, LLC v. Hendrick [n.k.a. Assad]*, No. 25-7516, at 64 (9th Cir. Dec. 26, 2025); Kalshi's Opp'n to Pl.'s Mot. for Prelim. Inj., *Washington v. KalshiEX LLC* ("*WA v. Kalshi*"), No. 26-2-10264-3, at 13 (Wash. King. Cnty. Sup. Ct. July 6, 2026); Order Granting Pl.'s Am. Mot. for Prelim. Inj., *WA v. Kalshi*, *supra* (Wash. King. Cnty. Sup. Ct. July 20, 2026), attached here as Exhibit 1; Kalshi's Mot. for Reconsid. Am. Prelim. Inj. Order, *WA v. Kalshi*, *supra*, at 9 (Wash. King. Cnty. Sup. Ct. Aug. 20, 2026); Order Denying Def. KalshiEX, LLC's Mot. for Reconsid., *WA v. Kalshi*, *supra* (Wash. King. Cnty. Sup. Ct. Sept. 16, 2026); KalshiEx's Prelim. Op'n to Pl.'s Ex Parte Applic. for Immed. Temp. Restraining Order & Mot. for Prelim. Inj., *Nevada ex rel. Nevada Gaming Control Bd. v. KalshiEX, LLC* ("*NV v. Kalshi*"), No. 26 OC 000050 1B, at 17, 18 (Nev. Carson City 1st Dist. May 18, 2026); Am. Order Granting Pl.'s Mot. for Prelim. Inj., *NV v. Kalshi*, *supra* (Nev. Carson City 1st Dist. May 18, 2026), attached here as Exhibit 2; Joint Stip. & Order, *NV v. Kalshi*, *supra* (Nev. Carson City 1st Dist. July 24, 2026), attached here as Exhibit 3; *cf. Reliance Ins. Co. v. Mast Constr. Co.*, 84 F.3d 372, 376 (10th Cir. 1996) ("a person who violates an injunction . . . during its pendency is subject to a compensatory civil contempt judgment" though "a claim for civil contempt must fall if the order that was disobeyed is subsequently reversed"); Wash. Civ. R. 65(c) (prohibiting injunction bonds for the United States, any federally recognized Indian tribes within the State of Washington, and the State of Washington or municipal corporations or political subdivisions thereof).

5. During a September 24, 2026 motion hearing and status conference in *Blue Lake Rancheria v. Kalshi Inc.*, No. 25-cv-06162 (N.D. Cal. filed July 22, 2025), counsel for Kalshi Inc. represented that Kalshi has geofenced the Indian lands of one proposed and two current plaintiff Indian tribes in that case. That supports Defendants' ability to geofence the Tribes' Indian lands.

6. On September 25, 2026, in *State of New Mexico v. META Platforms Inc.*, No. D-101-CV-202100132 (N.M. 1st Dist. filed Jan. 21, 2021), the jury returned a verdict that Meta "had committed about 43 million violations of the state's Unfair Practices Act by making false and misleading statements to consumers" "based on the approximate number of Facebook users in the state in 2020[,]" for which Meta may be subject to a maximum penalty of $5,000 per violation. Phaedra Haywood, Santa Fe jury finds 43 million violations by Meta in state's second court win, Santa Fe New Mexican, Sept. 25, 2026, available at https://www.santafenewmexican.com/news/local_news/santa-fe-jury-finds-43-million-violations-by-meta-in-states-second-court-win/article_e4a95a15-5303-473d-9005-fdedb1ebd619.html (last visited Sept. 30, 2026). That supports enforcement of civil penalties of $5,000 for each of many violations under the Mescalero, Isleta, and Pojoaque Gaming Laws.

filed Sept. 30, 2026,

Rey-Bear McLaughlin, LLP

/s/Daniel I.S.J. Rey-Bear
Daniel I.S.J. Rey-Bear
Timothy H. McLaughlin
Brian P. McClatchey
421 W Riverside Ave, Suite 1004
Spokane, WA 99201-0410
telephone: 505-238-1954
dan@rbmindianlaw.com
tim@rbmindianlaw.com
brian@rbmindianlaw.com

Nelva Cervantes
Joaquin Gallegos

Office of General Counsel
Mescalero Apache Tribe
P.O. Box 227
Mescalero, NM 88340
telephone: 575-464-4494
ncervantes@mescaleroapachetribe.com
jgallegos@mescaleroapachetribe.com

*additional attorneys for*
*Mescalero Apache Tribe*

Lindsay Cutler
Jordan Oglesby
Legal Department
Pueblo of Isleta
P.O. Box 1270
Isleta, NM 87022
telephone: 505-869-9716
lindsay.cutler@isletapueblo.com
jordan.oglesby@isletapueblo.com

*additional attorneys for Pueblo of Isleta*

Dianna Kicking Woman
Robert A. Waldroup
Alicianna C. Martinez
Legal Department
Pueblo of Pojoaque
30 Buffalo Thunder Trail
Santa Fe, NM 87506
telephone: 505-455-4581
dwoman@pojoaque.org
rwaldroup@pojoaque.org
acmartinez@pojoaque.org

*additional attorneys for Pueblo of Pojoaque*

Steffani A. Cochran
General Counsel
Pueblo of Sandia
481 Sandia Loop
Bernalillo, NM 87501
telephone: 505-771-7967
scochran@sandiapueblo.nsn.us

*additional attorney for Pueblo of Sandia*

**CERTIFICATE OF SERVICE**

I certify that I served Defendants with the foregoing Plaintiffs' Second Notice of Supplemental Authority through the Court's electronic filing system (CM/ECF) as required by D.N.M.LR-Civ. 5.1(b) on September 30, 2026.

/s/Daniel I.S.J. Rey-Bear
Daniel I.S.J. Rey-Bear