**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MESCALERO APACHE TRIBE,
PUEBLO OF ISLETA,
PUEBLO OF POJOAQUE,
and PUEBLO OF SANDIA,

Plaintiffs,

v. Case No. 26-cv-01517-MIS-GJF

KALSHI INC., and KALSHIEX LLC,

Defendants

**PLAINTIFFS' CONSOLIDATED RESPONSE TO DEFENDANTS' NOTICES OF SUPPLEMENTAL AUTHORITY**

Plaintiffs ("Tribes") hereby provide a consolidated response to two notices of supplemental authority filed by Defendants ("Kalshi") on November 14, 2026, Dkt. Nos. 61-62.

1. Kalshi cites *Scotts Valley Band of Pomo Indians v. U.S. Department of the Interior*, __ F. Supp. 3d __, 2026 WL 2938511 (D.D.C. Sept. 30, 2026), as supporting that ordinary economic loss is not irreparable when it does not threaten to destroy a tribe's business, such as only potential near-term revenue loss from gaming, while primarily commercial harms fall outside the core of sovereignty and claims of sovereign harm are weakest when they involve off-reservation business transactions with non-Indians. Dkt. No. 61. But that overlooks that Kalshi's online sports betting ("OSB") constitutes class III gaming on the Tribes' Indian lands under IGRA, and that invasion of tribal sovereignty constitutes irreparable injury since it is not easily subject to valuation. Dkt. No. 23 at 4-5, 9, 15-17, 30 (discussing eight declarations and *Michigan v. Bay Mills Indian Community*, 572 U.S. 782, 792 (2014) and quoting *Ute Indian Tribe v. Utah*, 790 F.3d 1000, 1005 (10th Cir. 2015); *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001); and *Seneca-Cayuga Tribe v. State of Okla. ex rel. Thompson*, 874 F.2d 709, 716 (10th

Cir. 1989)). That also overlooks that irreparable harm likely exists where "a lower court has set aside an important federal program[,]" such as IGRA's program "to provide a statutory basis for" "Indian tribes [to] have the exclusive right to regulate gaming activity on Indian lands[.]" Dkt. No. 60 at 1 (quoting *Dep't of Homeland Security v. League of Women Voters* ("*DHS v. LWV*"), 609 U.S. ___, 2026 WL 2879700, *3 (Sept. 25, 2026), and 25 U.S.C. §§ 2701(5), 2702(2)).

2. In turn, Kalshi cites *Coinbase Financial Markets, Inc. v. Raoul* ("*Coinbase*"), 2026 WL 2969682 (N.D. Ill. Oct. 2, 2026), as supporting exclusive CFTC jurisdiction over trading on Kalshi's designated contract market ("DCM"), which preempts the Tribes' regulatory authority under IGRA, especially for Isleta and Sandia gaming laws which purportedly "hinge entirely on New Mexico laws," while public interests and equities favor Kalshi since a preliminary injunction would severely harm Kalshi. Dkt. No. 62. But that overlooks many material matters.

First, it does not matter whether the CFTC has exclusive jurisdiction vis-à-vis states since the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank") states nothing about Indian Tribes or IGRA and Kalshi concedes that it "has never argued that Dodd-Frank repealed IGRA[.]" Dkt. No. 50 at 14. Indeed, *Coinbase* recognizes that "[n]ot all the CFTC's authority is exclusive," since "[f]ederal agencies, the fifty states, or Indian Tribes share some concurrent authority[,] so "the CFTC . . . shares authority with other agencies and other sovereigns." *Coinbase*, 2026 WL 2969682 at *3.

Second, Kalshi misplaces arguments about DCMs generally since any preemption analysis here must focus only on the Tribes' regulatory "target" of Kalshi's OSB. Dkt. No. 23 at 19 (quoting *In re Winter Storm Uri Natural Gas Litig.*, 180 F.4th 1251, 1261 (10th Cir. 2026)).

Third, whether Kalshi's OSB constitutes swaps subject to CFTC jurisdiction under Dodd-Frank is immaterial to whether Kalshi's OSB constitutes class III gaming under IGRA, which Kalshi has never disputed under IGRA or its regulations. *See* Dkt. No. 55 at 2.

Fourth, Isleta's and Sandia's federally approved gaming ordinances each bar Kalshi's class III gaming on their respective Indian lands four ways over without reference to state law—regarding ownership and regulation by the Tribes, net revenue use under IGRA, physical location, and minimum age. Dkt. No. 55 at 4 & n.1 (citing Compact § 4(B)(1), Isleta Gaming Ord. §§ 1(C), 2, 3(A), 6-7, and Sandia Gaming Ord. §§ I(C), I(H), 2, 3(A), 6-7).

Fifth, Kalshi's assertions about public interests and harm cannot overcome either the indisputably irreparable harm to the Tribes or the substantial public interests regarding both underage gambling and enforcing the Tribes' exclusive sovereign regulatory authority under IGRA, which Kalshi concedes Dodd-Frank did not repeal. *See* Dkt. No. 50 at 14; Dkt. No. 55 at 3, 10 & n.8; *DHS v. LWV*, *supra*; *cf. State of N.J., Dep't of Law & Public Safety v. Boardwalk Regency Corp.*, 548 A.2d 206, 210-11 (N.J. App. Div. 1988) (imposing strict liability for allowing underage gambling, based in part on public interest in strictly regulating gambling).

Finally, *Coinbase* confirms that asserted unreasonable delay alone cannot preclude equitable relief absent prejudicial harm to the other side. *Coinbase*, 2026 WL 2969682 at *17-18. That supports the Tribes' argument that Kalshi cannot avoid a preliminary injunction based on just the timing of the motion for a preliminary injunction. Dkt. No. 55 at 8.

filed October 21, 2026,

Rey-Bear McLaughlin, LLP

/s/Daniel I.S.J. Rey-Bear
Daniel I.S.J. Rey-Bear
Timothy H. McLaughlin
Brian P. McClatchey
421 W Riverside Ave, Suite 1004
Spokane, WA 99201-0410
telephone: 505-238-1954
dan@rbmindianlaw.com
tim@rbmindianlaw.com
brian@rbmindianlaw.com

Nelva Cervantes
Joaquin Gallegos
Office of General Counsel
Mescalero Apache Tribe
P.O. Box 227
Mescalero, NM 88340
telephone: 575-464-4494
ncervantes@mescaleroapachetribe.com
jgallegos@mescaleroapachetribe.com

*adtl. attorneys for Mescalero Apache Tribe*

Lindsay Cutler
Jordan Oglesby
Legal Department
Pueblo of Isleta
P.O. Box 1270
Isleta, NM 87022
telephone: 505-869-9716
lindsay.cutler@isletapueblo.com
jordan.oglesby@isletapueblo.com

*additional attorneys for Pueblo of Isleta*

Dianna Kicking Woman
Robert A. Waldroup
Alicianna C. Martinez
Legal Department
Pueblo of Pojoaque
30 Buffalo Thunder Trail
Santa Fe, NM 87506
telephone: 505-455-4581
dwoman@pojoaque.org
rwaldroup@pojoaque.org
acmartinez@pojoaque.org

*additional attorneys for Pueblo of Pojoaque*

Steffani A. Cochran
General Counsel
Pueblo of Sandia
481 Sandia Loop
Bernalillo, NM 87501
telephone: 505-771-7967
scochran@sandiapueblo.nsn.us

*additional attorney for Pueblo of Sandia*

## CERTIFICATE OF SERVICE

I certify that I served Defendants with the foregoing Plaintiffs' Consolidated Response to Defendants' Notices of Supplemental Authority through the Court's electronic filing system (CM/ECF) as required by D.N.M.LR-Civ. 5.1(b) on October 21, 2026.

/s/Daniel I.S.J. Rey-Bear
Daniel I.S.J. Rey-Bear